UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS J. GRAHAM,

             Plaintiff,

-against-

C.O. SHLEIWET,

             Defendant.

26-CV-1366 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se* and seeks to proceed *in forma pauperis* (IFP), that is, without prepayment of the filing fees. At the time he filed this action, he was detained at Westchester County Jail as a prisoner.[1]  (*See* ECF 1.) The Court has learned, however, that Plaintiff is no longer in custody. (*See* ECF 5.) His application therefore does not reflect Plaintiff's current financial circumstances. Accordingly, the Court directs Plaintiff to submit an amended IFP application or pay the filing fees with 30 days of the date of this order.

### DISCUSSION

As Plaintiff is no longer in custody, "'there is no prison account from which to calculate and debit the required [installment] payments'" required under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1). *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010) (quoting *McGann v. Commissioner*, 96 F.3d 28, 29-30 (2d Cir. 1996)).

> Thus, the PLRA's payment scheme cannot be extended beyond the moment of a
> prisoner's release, and [Section] 1915(b) must be read to require that once a
> prisoner is no longer incarcerated, either he pay the entire remaining amount of

---

[1]  A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a] diversionary program." 28 U.S.C. § 1915A(c).

the filing fee or his obligation to pay fees is determined as it would be for any
non-prisoner.

*Id.* (citing *McGann*, 96 F.3d at 30). As the PLRA's "payment regime . . . end[s] once a prisoner

[is] released[,] . . . [r]equiring a just-released prisoner to pay the entire balance of the fee in a

single payment is 'a result that would be more onerous than that imposed on those who remain

incarcerated.'" [2] *Id.* (*McGann*, 96 F.3d at 30).

### CONCLUSION

The Court directs Plaintiff to submit the attached amended IFP application, so the Court

may consider Plaintiff's current ability to pay the filing fees; in the alternative, if Plaintiff can

now afford the filing fees, he must pay the $405.00 in fees. [3]

If Plaintiff submits an amended IFP application, it should be labeled with docket number

26-CV-1366 (LTS). If the Court grants the amended IFP application, Plaintiff will be permitted to

proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Plaintiff fails to comply with

this order, by filing the amended IFP application within 30 days, the action will be dismissed.

---

[2] Other provisions of the PLRA *do* apply even though Plaintiff is no longer in custody, including the so-called "three strikes" provision delineated in 28 U.S.C. § 1915(g). *Harris*, 607 F.3d at 22 (holding that the "application of the PLRA's three strikes rule to released prisoners is fully consistent with the statutory scheme, and it does not impose upon them any burden more onerous than the burden on those still incarcerated"). Thus, if this action is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim, Section 1915(g) will apply. *See Harris*, 607 F.2d at 22.

[3] To proceed with a civil action in this court, a prisoner must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or file an IFP application.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 21, 2026
          New York, New York

                                        **/s/Laura Taylor Swain**
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge